IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

JACQUELINE ANDRES,
        PLAINTIFF,

V.                        CIVIL ACTION NO. _____

COLLEGE OF THE MAINLAND,
        DEFENDANT.

<u>PLAINTIFF'S, JACQUELINE ANDRES, ORIGINAL COMPLAINT</u>

This original complaint is filed on behalf of Jacqueline Andres, hereinafter and sometimes referred to as Plaintiff, against College of Mainland, hereinafter and sometimes referred to as Defendant. Plaintiff complains with respect to discrimination and retaliation in the employment context that ultimately led to Plaintiff's termination. For good cause, Plaintiff would show unto the Court as follows, to-wit:

<u>Jurisdiction and Venue</u>

1. Jurisdiction vests under 28 U.S.C. section 1331, (federal question), 28 U.S.C. section 1343 (civil rights) and the Family Medical Leave Act.

## Parties

2. At all times material to this action, Plaintiff has resided in Galveston County, Texas.

3. College of the Mainland is an educational institution located in Texas City, Texas.

## Underlying Facts

4. Plaintiff was first employed by College of Mainland on December 1, 1994. Plaintiff began in the position of Admissions Specialist and remained in that position for two (2) years.

5. Plaintiff then transferred to the Bookstore, initially in the position of Secretary. Plaintiff remained in the Bookstore for ten and half (10½) years and then transferred to the Enrollment Center occupying the position of Administrative Assistant for seven (7) years.

6. Plaintiff's employment was terminated on May 18, 2013.

7. During the course of Plaintiff's employment with the College, Plaintiff's work performance was good to exemplary, without any job write-up and/or incidents of malfeasance. The last evaluation in Plaintiff's possession is dated December 2010 and

provided that Plaintiff, "exceeded standards most of the time."

8. On or about October 25, 2012, Plaintiff went out on leave. Plaintiff returned to work on or about March 7, 2013.

9. Plaintiff's leave was related to Family Medical Leave. Plaintiff suffered from a rotator cuff injury (non-work related). Plaintiff's leave began on October 25, 2012 and ended pursuant to College policy on or about February 7, 2013. The College forwarded a letter to Plaintiff on or about February 12, 2013 extending leave under short-term personal leave until March 8, 2013.

10. After Plaintiff returned to work, Plaintiff was assigned to Special Projects (graduation ceremonies) and removed from her normal work.

11. Plaintiff was informed she was going to be terminated effective May 18, 2013. Plaintiff contends the actions of the College violate the Family Medical Leave Act, particularly in immediately removing her assigned position and within a short time thereafter terminating Plaintiff's employment.

12. Plaintiff was informed the reason for her termination was there was nowhere to put Plaintiff. This information was conveyed to Plaintiff by Martin Perez, Director of International Affairs.

13. At the time of termination, Plaintiff was in the Admissions Department. A year prior to Plaintiff's termination Plaintiff was moved from her former department, Department of Enrollment Management, which was headed by Dr. Eileen Scanks.

14. The Department of Admissions has roughly eight (8) individuals in the department, with 4 to 5 occupying the same position as occupied by Plaintiff.

15. At the time of Plaintiff's termination, the following persons remained in the department, Shannon Williams, Chris Rushing, Connie Bartwell, Phyllis Batten, and Leticia Wilson, occupying the same or similar position Plaintiff worked in prior to taking Family Medical Leave.

16. Plaintiff had been employed with the College longer than any of the above mentioned persons.

17. In addition, after Plaintiff returned to work, Plaintiff was not assigned her previous work (work

4

stripped from her desk and given to another) but assigned to completing Graduation Ceremonies.

18. The conduct of the Defendant and the reason for termination is pretextual in that the College has engaged in same or similar conduct with others who have taken Family Medical Leave and a short time after taking leave, even with a history of good work performance, the employee, Jacqueline Andres, invoking the federal right, was stripped of her normal duties and terminated.

Prayer for Relief

19. Plaintiff prays for the following relief:

   A. Declaratory judgment stating that the Defendant has engaged in discriminatory and retaliatory conduct and that Defendant has violated Plaintiff's civil rights;

   B. Compensatory damages incurred in the past, present and future;

   C. Loss of wages, including back wages and front pay if reinstatement not provided as a remedy;

   D. Reasonable and necessary attorney's fees incurred in the prosecution of this matter.

   E. Pre-judgment and post-judgment interest;

   F. Costs of court.

20. Plaintiff also prays for all relief in equity and under law to which she may be deemed entitled.

DATE: May 16, 2014.

        Respectfully submitted,

        /s/ ANTHONY P. GRIFIN
        _____
        ANTHONY P. GRIFFIN
        ATTORNEY-IN-CHARGE

        A GRIFFIN LAWYERS
        1115 TWENTY FIRST STREET
        GALVESTON, TEXAS  77550
        409.763.0386
        1.800.750.5034
        FACSIMILE NO. 409.763.4102

        STATE BAR NO. 08455300
        FED. I.D. NO. 4756

        ATTORNEY FOR PLAINTIFF
        JACQUELINE ANDRES

c:word.andres_jacqueline_plaintiff_original_complaint_[last_lawsuit]