Case 3:14-cv-00165   Document 47   Filed in TXSD on 04/19/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 19, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JACQUELINE ANDRES | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-14-165 |
| | § | |
| COLLEGE OF THE MAINLAND | § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, College of the Mainland (COM); the motion seeks the dismissal of all claims asserted against it by Plaintiff, Jacqueline Andres. Having considered the Parties' submissions, the Court now issues this Opinion and Order.

Andres began working at COM in December 1994. Ultimately, in 2007 she was the only full-time employee in the College's Welcome Center. In 2011, Andres used her twelve weeks of FMLA leave to care for her daughter and family while her daughter recovered from an emergency brain surgery. When Andres returned to work she continued in her position at the Welcome Center without incident.

On October 25, 2012, Andres took FMLA leave to recuperate from rotator cuff surgery. When her leave expired on February 7, 2013, Andres was unable to return to work, but she requested and was granted a discretionary period of short-term leave until

March 8, 2013. During her combined leave time COM, for budgetary reasons,[1] reorganized Andres' department and eliminated her position. Some of the job's duties were reassigned to other departments and the rest were assigned to part-time student workers. Upon her return to work Andres was offered the opportunity to handle graduation regalia, but was told that shortly following graduation she would be terminated. On May 17, 2013, after graduation, Andres was terminated. Andres was notified of her right to appeal that decision, but she opted not to appeal or pursue any grievance. At the time of her termination Andres concedes she was not qualified to fill any job vacancies that existed at the college.

On May 16, 2014, Andres sued COM alleging she was denied her statutory right under the FMLA to reinstatement and that she was terminated in retaliation for taking FMLA leave.

Andres's alleged claim that COM failed to reinstate her to the same or an equivalent position is without merit. Aside from the fact that her job had been eliminated, Cf. Roberson v. Game Stop/Babbage's, 152 Fed. Appx. 356, 362 (5th Cir. 2005) (an employee "is not entitled to keep a job that no longer exists."), Andres concedes she had not, and could not have, returned to work before her FMLA leave allotment expired on February 7, 2012. When an employee fails to return to work on or before the expiration date of her

---

[1] Andres has provided no evidence that contradicts this aspect of COM's reasoning as expressed in the affidavit of Angela Dampere, its Executive Director of Human Resources.

FMLA leave, her statutory right under that statute to reinstatement also expires. As a result, when Andres reported to work, COM was no longer under any statutory duty to reinstate her to her prior position, had it existed, or an equivalent one. <u>Hunt v. Rapides Healthcare Systems, LLC</u>, 277 F.3d 757, 763 (5th Cir. 2001)$^2$. Therefore, COM cannot be found in violation of this provision of the FMLA.

Andres also alleges that COM, by granting her twenty days of short-term leave following the expiration of her FMLA leave, should be estopped from asserting she was no longer entitled to her statutory right to reinstatement. The Court finds this argument unpersuasive. Unlike in <u>Minard v. ITC Delta Com Communications, Inc.</u>, 447 F.3d 352 (5th Cir. 2006), COM did not lead Andres to believe the short-term leave period was still within the FMLA period and the summary judgement evidence clearly shows that Andres knew it was not.

Andres's claim of retaliation fails to establish the third element of a *prima facie* case: either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA, or (3b) the adverse decision was made because of her request for leave. <u>Bocalbos v. National Western Life Insurance Co.</u>, 162 F.3d 379, 383 (5th Cir. 1998).

---

$^2$ <u>Hunt</u> has been abrogated on other grounds. See <u>Wheat v. Florida Parish Juvenile Justice Commission</u>, 811 F.3d 702 (5th Cir. 2016).

First, the five "comparable" employees named by Andres were not similarly situated. Perez v. Texas Department of Criminal Justice, 395 F.3d 206, 213 (5th Cir. 2004) (To satisfy the "similarly situated" requirement, the situations of the plaintiff and the comparable employees must be "nearly identical."). One was an Administrative Assistant IV, two levels above Andres's position. The other four were Records Specialists who had no connection to the Welcome Center where Andres had worked. In fact, it appears that up until its elimination and distribution, Andres's job was a unique position at the college; as Andres testified, she "was the only full-time employee doing those duties." Cf. Wyvill v. United Cos. Life Insurance Co., 2121 F.3d 296, 305 (5th Cir. 2000) (Declining to find "similarly situated" employees who, *inter alia*, had different job duties and different supervisors.)

Second, Andres has no evidence to support her claim of retaliation. Despite the "too coincidental to be explained" proposition urged in her briefing, Andres herself, when asked if she thought any employees of COM decided to retaliate against her by taking FMLA leave, testified, on May 12, 2015, long after this lawsuit was filed, that she "**never** had a thought like that" (emphasis added). She also admitted that she could not identify any individual employed by the college who had any retaliatory motive against her.

Finally, while the Court finds it disturbing that "sworn statements" were taken from Perez and Skanks at unilateral depositions without notice to COM, their statements are nothing more than hearsay referencing some stray remarks critical of Andres made by

other employees of COM and there is no evidence that those critical employees had any role in COM's decision to eliminate Andres's position and cause her termination. Cf. Scales v. Slater, 181 F.3d 703, 712 (5th Cir. 1999) ("Stray remarks with no connection to an employment decision cannot create a fact issue regarding discriminatory intent and are insufficient to defeat summary judgment.").

For the foregoing reasons, it is **ORDERED** that the Motion for Summary Judgment (Instrument no. 33) of the College of the Mainland is **GRANTED** and the Original Complaint of Plaintiff, Jacqueline Andres, is **DISMISSED**.

**DONE** at Galveston, Texas, this ___19th___ day of April, 2016.

John R. Froeschner
United States Magistrate Judge